**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TYRONE HURT.

    Plaintiff,

        v.

CHARLES KOCH, et al.,

    Defendants.

Case No. 1:14-cv-428

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, who resides in Washington, D.C., recently filed another pro se complaint with this Court. (Doc. 1). In his current complaint, Plaintiff names as defendants "Charles Koch," "David Koch," and the "United States Chamber of Commerce." The complaint alleges that Defendants are "in violation of the Bill of Rights to the U.S. Constitution," and are engaged in "illegal unconstitutional activities." Plaintiff appears to be invoking the diversity jurisdiction of this Court, but he has failed to submit the requisite form seeking to file his complaint *in forma pauperis*, or copies of the complaint, summons forms, or USM 285 forms to the extent that he may be seeking free service of his complaint. However, within the body of his complaint he does include language that appears to be a self-styled "motion to proceed *in forma pauperis* pursuant to Title 28, Section 1915." (Doc. 1 at 2).

The instant case is the ninth such case filed by Plaintiff within the last year in this district filed without prepayment of fees.[1] The undersigned and another magistrate judge to whom Plaintiff's cases previously have been assigned have, variously, either

---

[1] While the undersigned was reviewing the above-captioned case, Plaintiff filed two more cases: Case No. 1:14-cv-436 and Case No. 1:14-cv-437.

transferred Plaintiff's complaints to the United States District Court for the District of Columbia based upon the lack of venue in this district (without undertaking any frivolousness screening), and/or have dismissed Plaintiff's complaints as wholly frivolous under the screening standards of 28 U.S.C. §1915(e)(2)(B).

Based upon the number of frivolous filings by this same Plaintiff, the undersigned recently reviewed Plaintiff's case history on a larger scale, through records available on Public Access to Court Electronic Records ("PACER"). A complete recounting of Plaintiff's cases would take far too many hours and further waste judicial resources, but suffice it to say that PACER demonstrates unequivocally that Plaintiff is a vexatious litigator whose practices have, for too long, burdened the federal judiciary nationwide. In fact, in recent years, Plaintiff has filed *hundreds* of cases across multiple districts, and has been identified as vexatious and banned from further filings in many of them, to little avail. In his home district of the United States District Court for the District of Columbia alone, Plaintiff has filed more than 85 frivolous cases, and (as of 2008) at least 70 frivolous appeals. Consequently, he has been banned from further filing in that district and in the United States Court of Appeals for the District of Columbia Circuit since 2008. The D.C. Circuit even took the unusual step of issuing a published decision concerning this Plaintiff. *See, e.g., Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008)(per curiam, recounting a portion of the "extraordinary" litigation history of Tyrone Hurt, and directing the Clerk of Court not to accept any of Hurt's civil appeals if not accompanied by a filing fee). Therefore, although venue may lie in the District of Columbia for whatever allegations might be deciphered from the instant complaint, the ban on Plaintiff's ability to file in that district makes dismissal the more appropriate course for this and any future cases filed by Plaintiff. *See also, generally, Hurt v. D.C. Parole Board*, Case No. 1:13-cv-11800-DJC, Doc. 3 (Memorandum Order of 11/20/13,

noting Hurt's occasional use of the surname Hunt, and that he has been banned from filing new cases in the federal district courts for the District of Columbia, the Eastern District of California, and the District of Massachusetts); *Hurt v. Dept of Police of State of Connecticut*, Case No. 2:14-mc-80043 (March 5, 2014 Order noting Plaintiff's ban from filing suit in the Northern District of California); *Hurt v. The State of South Carolina*, Case No. 1:14-mi-00022 (March 18, 2014 Order noting Plaintiff's 2011 bar from filing in Northern District of Georgia, as well as the imposition of a monetary sanction that has never been paid).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has

3

authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

As indicated, the instant complaint – like hundreds of others of Plaintiff's proposed complaints filed throughout the country - is indecipherable, incoherent and patently frivolous. The undersigned finds that the complaint is not based on any factual or legal basis and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, in light of the undersigned's review of PACER, it is obvious that Plaintiff has more recently chosen to target this district court after previously filing similar frivolous litigation throughout the country.

Ordinarily, when a pro se plaintiff files numerous frivolous lawsuits in this district and seeks to do so *in forma pauperis*, the undersigned will not immediately bar that litigant from further filing but will first issue a warning that he is in danger of being labeled a "vexatious" litigator. Only after that warning is issued, if the vexatious litigator continues to file, will the undersigned recommend barring him from filing further lawsuits absent approval of the court. However, the instant case presents the rare circumstance

where it is appropriate to bar Plaintiff without first issuing the standard warning.[2] As referenced herein, Plaintiff Tyrone Hurt has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals *in forma pauperis* by numerous other districts and appellate courts.

"[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits. Moreover, the Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers* at 269. The Sixth Circuit Court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to

---

[2]To the extent that any warning is deemed appropriate, the undersigned would alternatively recommend that this Report and Recommendation suffice as such warning.

relitigate old claims." *Id.,* citing *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524 (9th Cir.1983). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, Plaintiff's actions rise to the level of prolific and vexatious litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Issuing yet another warning to this particular Plaintiff clearly would be of no benefit either to Plaintiff or to this Court. As such, the undersigned highly recommends classifying Plaintiff as a harassing and vexations litigator such that pre-filing restrictions should be imposed before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley, 87 Fed.Appx.* 535 (6th Cir.2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by Plaintiff Hurt would likely result in a further waste of scarce judicial resources. *See Moore v. Hillman*, 2006 WL 1313880, *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). Plaintiff has demonstrated virtually no ability to curtail his litigation practices, other than – occasionally – finding a new court to bombard.

With respect to this unique category of abusive litigators, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997)(unpublished), 1997 WL 321112, *1; *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction is appropriate in this case to deter Plaintiff Tyrone Hurt from filing future vexatious and frivolous motions and lawsuits in this Court. *See also Bradford Co. v. Afco Manufacturing, et al.*, Case No. 1:04-cv-449-SSB (Doc. 164, Order of August 5, 2008, imposing same sanction upon Jonathan Lee Riches).

Accordingly, for these reasons, **IT IS RECOMMENDED THAT**:

1. Plaintiff's complaint should be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B);

2. An informational copy of this Report and Recommendation and of any future Order adopting the same should be immediately filed in the records of Case Nos. 1:14-cv-00436 and 1:14-cv-00437, which cases are presently assigned to U.S. Magistrate Judge Karen L. Litkovitz;

3. Plaintiff Tyrone Hurt should be declared a harassing and vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, and which are accompanied by payment of the full filing fee;

4. The Clerk of Court should be specifically **DIRECTED** not to accept any such

pleadings from Plaintiff absent compliance with the above restrictions, and should be instructed to dispose of such documents accordingly;

     5. That pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TYRONE HURT,                                          Case No. 1:14-cv-428

      Plaintiff,                                  Barrett, J.
                                                  Bowman, M.J.
      v.

CHARLES KOCH, et al.,

      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).